**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **ROBERT E. ANDERSON, III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:10-0040** |
| | ) | **JURY DEMAND** |
| **THE REPORT CARD GROUP, LLC d/b/a** | ) | **Judge Trauger** |
| **THE CANDIDATE REPORT CARD and** | ) | **Magistrate Judge Griffin** |
| **AEROTEK, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**FIRST AMENDED ANSWER OF THE REPORT CARD GROUP, LLC**
**d/b/a THE CANDIDTATE REPORT CARD**
**AND THIRD-PARTY CLAIM AGAINST OMNI DATA RETRIEVAL, INC.**

---

Defendant The Report Card Group, LLC d/b/a The Candidate Report Card hereby responds to the Plaintiff's Complaint and brings a Third-Party Claim against Omni Data Retrieval, Inc. as follows:

1.      The allegations contained in Paragraph 1 of the Plaintiff's Complaint require no response from this Defendant.  This Defendant denies that it is liable to the Plaintiff for any type of damages, costs, or attorney's fees.

2.      Jurisdiction is not disputed.

3.      Supplemental jurisdiction is not disputed.

4.      Venue is not disputed.

5.      Admitted.

6.      The allegations contained in Paragraph 6 of the Plaintiff's Complaint are not statements of fact and instead are legal conclusions.  As such, no response is required from this Defendant.

7.      Admitted.

1

8. The allegations contained in Paragraph 8 of the Plaintiff's Complaint are not statements of fact and instead are legal conclusions. As such, no response is required from this Defendant.

9. The allegations contained in Paragraph 9 of the Plaintiff's Complaint are not directed toward this Defendant, and therefore no response is required.

10. The allegations contained in Paragraph 10 of the Plaintiff's Complaint are not directed toward this Defendant, and therefore no response is required.

11. Admitted on information and belief.

12. This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Admitted on information and belief.

14. This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. This Defendant has insufficient information or knowledge to respond to the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Admitted.

21.     The allegations contained in Paragraph 21 of the Plaintiff's Complaint are not statements of fact and instead are legal conclusions.  As such, no response is required from this Defendant.

22.     This Defendant admits that the order for the information was completed on June 29, 2009, and the document that has been attached as Exhibit A to the Plaintiff's Complaint was made available to be reviewed electronically by authorized persons on that date.  Certain information contained in that report was available for review electronically earlier.

23.     There is not a paragraph numbered 23 in Plaintiff's Complaint.

24.     There is not a paragraph numbered 24 in Plaintiff's Complaint.

25.     The report attached as Exhibit A to the Plaintiff's Complaint speaks for itself. Subsequent to June 29, 2009, this Defendant learned that some information contained in the report was not accurate as to the Plaintiff.

26.     The document attached as Exhibit A to Plaintiff's Complaint speaks for itself.

27.     Admitted on information and belief.

28.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

29.     Admitted on information and belief.

30.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

31.     Admitted on information and belief.

32.     Admitted on information and belief.

33.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

34.     Admitted on information and belief.

35.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

36.     Admitted on information and belief.

37.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

38.     Admitted on information and belief.

39.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

3

40. Admitted on information and belief.

41. The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

42. Admitted on information and belief.

43. The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

44. Admitted on information and belief.

45. The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

46. Admitted on information and belief.

47. The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

48. Admitted on information and belief.

49. The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

50. Admitted on information and belief.

51. The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

52. Admitted on information and belief.

53. The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

54. Admitted on information and belief.

55. The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

56. Admitted on information and belief.

57. The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

58. Admitted on information and belief.

59. The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

60. Admitted on information and belief.

61. The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

62. Admitted on information and belief.

63. The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

64. Admitted on information and belief.

65. The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

66.     Admitted on information and belief.

67.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

68.     Admitted on information and belief.

69.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

70.     Admitted on information and belief.

71.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

72.     Admitted on information and belief.

73.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

74.     Admitted on information and belief.

75.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

76.     Admitted on information and belief.

77.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

78.     Admitted on information and belief.

79.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

80.     Admitted on information and belief.

81.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

82.     Admitted on information and belief.

83.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

84.     Admitted on information and belief.

85.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

86.     Admitted on information and belief.

87.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

88.     Admitted on information and belief.

89.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

90.     Admitted on information and belief.

91.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

92.     Admitted on information and belief.

93.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

94.     Admitted on information and belief.

95.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

96.     Admitted on information and belief.

97.     The document attached as Exhibit A to the Plaintiff's Complaint speaks for itself.

98.     Admitted on information and belief.

99.     It is admitted that this Defendant knew that the June 29, 2009, report was likely to have an adverse affect upon Plaintiff's ability to obtain employment with XO Communications.

100.    Denied.  The report was made available for viewing electronically by authorized persons.

101.    Denied.

102.    Denied.  The report was made available for viewing electronically by authorized persons.

103.    This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 103 of the Plaintiff's Complaint.

104.    This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 104 of the Plaintiff's Complaint.

105.    This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 105 of the Plaintiff's Complaint.

106.    This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 106 of the Plaintiff's Complaint.

107.    This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 107 of the Plaintiff's Complaint.

108.    This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 108 of the Plaintiff's Complaint.

6

109.   This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 109 of the Plaintiff's Complaint.

110.   This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 110 of the Plaintiff's Complaint.

111.   This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 111 of the Plaintiff's Complaint.

112.   This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 112 of the Plaintiff's Complaint.

113.   The adverse action notification speaks for itself.

114.   This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 114 of the Plaintiff's Complaint.

115.   This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 115 of the Plaintiff's Complaint.

116.   Admitted.

117.   This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 117 of the Plaintiff's Complaint.

118.   This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 118 of the Plaintiff's Complaint.

119.   Admitted.

120.   Admitted.

121.   Admitted.

122.   Admitted.

123.   Denied.

124.   Admitted.

125.   Admitted.

126.    This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 126 of the Plaintiff's Complaint.

127.    This Defendant admits that it received a letter from the Plaintiff, but it has insufficient information to either admit or deny when the letter was sent.

128.    This Defendant admits that it received a letter from the Plaintiff, but it has insufficient information to either admit or deny when the letter was sent.

129.    This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 129 of the Plaintiff's Complaint.

130.    This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 130 of the Plaintiff's Complaint.

131.    The referenced letter speaks for itself.

132.    Admitted.

133.    Admitted.

134.    Admitted.

135.    The August 18 letter speaks for itself.

136.    Denied.

137.    Admitted.

138.    The September 1, 2009, letter speaks for itself.

139.    The September 1, 2009, letter speaks for itself.

140.    This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 140 of the Plaintiff's Complaint.

141.    This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 141 of the Plaintiff's Complaint.

142.    This Defendant has insufficient information or knowledge with which to respond to the allegations contained in Paragraph 142 of the Plaintiff's Complaint.

143.    Denied.

144.   Denied.

145.   This Defendant realleges and incorporates its answers as set forth in Paragraphs 1 through 144 above as if fully set forth herein.

146.   The allegations contained in Paragraph 146 of the Plaintiff's Complaint are not statements of fact and instead are legal conclusions.  As such, no response is required from this Defendant.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied.

152.   This Defendant incorporates its answers contained in Paragraphs 1 through 151 above as if fully set forth herein.

153.   Admitted.

154.   Admitted.

155.   The allegations contained in Paragraph 155 of the Plaintiff's Complaint are not statements of fact and instead are legal conclusions.  As such, no response is required from this Defendant.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

162.   This Defendant incorporates herein its answers contained in Paragraphs 1 through 161 above as if fully set forth herein.

9

163.  Admitted.

164.  Admitted.

165.  The allegations contained in Paragraph 165 of the Plaintiff's Complaint are not statements of fact and instead are legal conclusions.  As such, no response is required from this Defendant.

166.  Denied on information and belief.

167.  Denied.

168.  Denied.

169.  Denied.

170.  Denied.

171.  Denied.

172.  This Defendant incorporates its answers contained in Paragraphs 1 through 171 above as if fully set forth herein.

173.  The allegations contained in Paragraph 173 of the Plaintiff's Complaint are not statements of fact and instead are legal conclusions.  As such, no response is required from this Defendant.

174.  Denied.

175.  Denied.

176.  Denied.

177.  Denied.

178.  Denied.

179.  This Defendant incorporates its answers contained in Paragraphs 1 through 178 above as if fully set forth herein.

180.  The allegations contained in Paragraph 180 of the Plaintiff's Complaint are not statements of fact and instead are legal conclusions.  As such, no response is required from this Defendant.

181.  Denied.

182.  Denied.

183.  Denied.

184.  Denied.

185.  Denied.

186.  This Defendant incorporates its answers contained in Paragraphs 1 through 185 above as if fully set forth herein.

187.  Denied.

188.  Denied.

189.  Denied.

190.  Denied.

191.  Denied.

192 – 205.  The allegations contained in Paragraphs 192 through 205 of the Plaintiff's Complaint are not directed toward this Defendant, and therefore no response is required.

## GENERAL DENIAL

206.  This Defendant denies that it is liable to the Plaintiff for any amount of money under any theory of law.

207.  Any allegations contained in the Plaintiff's Complaint heretofore not specifically admitted or denied are hereby denied.

208.  Any allegations contained in the Plaintiff's Complaint that purport to summarize the contents of a document that do not accurately reflect the contents of the document are denied.

## AFFIRMATIVE DEFENSES

1.  This Defendant affirmatively avers that it complied with any and all statutory obligations that apply to it.

2.      This Defendant affirmatively avers that it was a "reseller" as set forth in the Fair Credit Reporting Act and that it complied with all requirements of a reseller under that Act.

3.      This Defendant affirmatively avers that Plaintiff has failed to mitigate any alleged damages.

4.      This Defendant affirmatively avers the statute of limitations defenses available to it.

5.      This Defendant adopts and asserts all defenses provided to it in the Fair Credit Reporting Act.

6.      This Defendant affirmatively avers that Plaintiff's cause of action fails to state a claim upon which relief can be granted against it.

7.      This Defendant affirmatively avers the defense of comparative fault.  Any fault found against this Defendant, which fault is expressly denied, should be compared to the fault found against any party or nonparty.  As to a non-party, this Defendant, as a reseller, purchased information from third parties that it used in its report, including Omni Data Retrieval.  This Defendant, as a reseller, was entitled to rely on the expertise of Omni Data Retrieval and the accuracy of Omni Data Retrieval's information and reports.  Omni Data Retrieval provided the information Plaintiff contends was not accurate.  Omni Data Retrieval represented that it verified the accuracy of the information being related to Mr. Anderson by name and other methods.  If the information Omni Data Retrieval provided to this Defendant were not accurate, Omni Data Retrieval should be held responsible for supplying that information and fault should be attributed to it.  Discovery is not yet complete.  This Defendant reserves the right to amend this affirmative defense throughout the course of discovery and trial.

8.      This Defendant affirmatively avers that assessment of punitive damages and/or an award of punitive damages that is disproportionate to actual damages incurred would violate its rights under the Tennessee and United States Constitutions.

9. This Defendant affirmatively avers that Plaintiff's cause of action for punitive damages must fail as a matter of law as Plaintiff cannot assert a statutory punitive remedy as well as common law punitive damages.

### THIRD-PARTY CLAIM AGAINST OMNI DATA RETRIEVAL, INC.

Now, assuming the role of Third-Party Plaintiff for the cause of action against Omni Data Retrieval, Inc., The Report Card Group, LLC d/b/a The Candidate Report Card, would show as follows:

### PARTIES

1. The Third-Party Plaintiff, The Report Card Group, LLC d/b/a The Candidate Report Card (CRC) is a Connecticut limited liability company whose principal place of business is located at 1000 West McNab Road, Pompano Beach, Florida 33069.

2. Third-Party Defendant, Omni Data Retrieval, Inc. (Omni) is a Minnesota corporation whose principal place of business is located at 20890 Kenbridge Court, Lakeville, Minnesota 55044. Third-Party Defendant Omni's registered agent for service of process is Chad Ross, whose address is the same address as that of Omni.

3. Third-Party Defendant Omni is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this Third-Party Claim under 15 U.S.C. § 1681p, 28 U.S.C. § 1331, 28 U.S.C. § 1332 and 28 U.S.C. § 1367. The amount in controversy in this Third-Party Claim is over seventy five thousand dollars ($75,000.00).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

6. This Third-Party Claim arises out of the same transaction or occurrence that is the subject of the lawsuit brought by Robert E. Anderson, III against The Report Card Group, LLC d/b/a The Candidate Report Card and Aerotek, Inc.

## FACTS

7.      Omni is a national wholesale records retrieval firm specializing in criminal background checks.  As part of its business, Omni maintains a data base of information on individuals.  Omni provides reports to third parties that contain the information maintained on its database.

8.      Omni advertises its services to the world through the Internet.   These advertisements reach Tennessee as well as any other state in the United States.  Omni has provided criminal background information on multiple occasions for background checks done for Tennessee companies.  A printout of Omni's Internet site is attached hereto as Exhibit A.

9.      Omni has common ownership, common address, and common employees with a sister company, Verified Credentials, Inc.  These companies operate jointly.  Representatives of Verified Credentials, Inc., on behalf of Verified Credentials, Inc., have traveled to the State of Tennessee and appeared at seminars to market its services.   Such marketing activity in Tennessee included an appearance at the 2009 Tennessee Society for Healthcare and Human Resources Association Conference and Expo held in Johnson City, Tennessee, on April 15 – 16, 2009.  Verified Credentials, Inc. had a booth staffed with representatives to promote its background search services.  Omni's alter ego, Verified Credentials, Inc., also had a booth staffed with its representatives at the 2009 Tennessee Hospital Association Conference and Expo held in Nashville, Tennessee on October 28 – 29, 2009, at the Nashville Convention Center.

10.      Omni holds itself out as the most reliable criminal background check company in the industry.  On the first page of its website, Omni represents as follows:

> Omni Data Retrieval is a national wholesale records retrieval firm specializing in criminal background checks.  We are equipped with the strongest, most reliable retrieval network in the industry.   At Omni we conduct business with the highest level of integrity.  We practice consistent up-front pricing.  We give our clients the most accurate and up-to-date information available.  To achieve these results, Omni is constantly revising our retrieval network, supporting thousands of researchers nationally.

14

11. Omni represents that "We Are Your One Reliable Source."

12. On its website, Omni represents that its featured service is criminal background checks. Omni represents that it "delivers the most accurate and reliable criminal research for all counties nationwide." Criminal background checks make up ninety percent (90%) of Omni's reporting output.

13. Omni further on its website represents that it:

> Understands what it takes to be your trusted source for criminal background research. That's why we focus completely on providing quality retrieval and reporting – creating and providing products that integrate seamlessly into the decisions that you make.

14. Omni represents that it adheres to all portions of the Fair Credit Reporting Act, 15 U.S.C. § 1618, *et seq.* It represents on its website:

> At Omni Data Retrieval we know that our success is based on delivering high quality background reports, quickly and at reasonable prices. Omni's specialized records personnel ensure that our clients fully understand what criminal record content is discovered and how the information can impact their businesses. Most importantly, our absolute adherence to FCRA compliant procedures creates the best environment for exceeding customer expectations.

15. Omni, in its website, represents that the criminal background searches it provides are of the "highest quality." Omni represents that it "takes pride in providing our customers with fast and accurate information."

16. Third-Party Plaintiff CRC does not maintain a database of information on individuals.

17. When CRC received a request for information on Mr. Anderson, which information request included a criminal background check, CRC forwarded the request for the criminal background information to Omni.

18. As part of its business, CRC purchases criminal background information from Omni in order to provide that information to CRC's clients. CRC does not have access to the database maintained by Omni and cannot verify the accuracy of the data provided by Omni.

15

19.     In purchasing the criminal background information on Mr. Anderson from Omni, CRC was entitled to rely on and did rely on the representations of Omni as to the quality and accuracy of the information Omni was providing.

20.     CRC was entitled to rely on the representations, and did so rely on, the representations of Omni that Omni maintains absolute adherence to FCRA compliant procedures.

21.     Omni provided a report of the criminal background check it performed on Mr. Anderson to CRC.  This report is a "consumer report" as defined by 15 U.S.C. § 1681a(d).

22.     CRC, relying on the expertise of Omni and the representations Omni made concerning its criminal background information, provided the report, word-for-word and in the same form as it was provided to CRC, to the party that requested the background check on Mr. Anderson.  The information provided by Omni was incorporated, word-for-word and in the same form, in CRC's final report concerning Mr. Anderson.

23.     Third-Party Defendant Omni provided the criminal background information on Mr. Anderson to CRC on or about June 29, 2009.  It is this report that was incorporated into CRC's June 29, 2009, report that is attached to Plaintiff's Complaint as Exhibit A.

24.     Omni's report on Mr. Anderson showed thirty-five separate criminal records attributed to Mr. Anderson.

25.     For each of the thirty-five criminal records Omni reported as related to Mr. Anderson, Omni represented on the report that Omni had confirmed that the information was accurate and related to Mr. Anderson by two different methods.  On information and belief, Omni misrepresented that it confirmed the accuracy by two different methods.  On information and belief, Omni only utilized Mr. Anderson's name to verify the data.

26.     Out of the thirty-five different criminal records Omni provided to CRC, thirty-four of the records were not accurate but rather were related to a different Mr. Anderson.

27.     If Omni had verified the data through two different methods (as it had represented to CRC), it would not have provided CRC with the inaccurate information.

28.     If Omni had not presented itself the way it did in its advertisements, CRC would not have utilized its services and would not have relied on its reports.

29.     CRC has been damaged by Omni's misrepresentations and by Omni's providing erroneous information on Mr. Anderson to CRC.  This damage includes, but is not limited to, the following:

      (a)     Loss of reputation;

      (b)     Loss of income;

      (c)     Financial injury; and

      (d)     Potential judgment against it.

### COUNT I – NEGLIGENT AND/OR INTENTIONAL MISREPRESENTATION

30.     CRC realleges and incorporates Paragraphs 1 through 29 of its Third-Party Claim as if fully set forth herein.

31.     Omni made multiple representations about the quality and accuracy of the reports it provides to entities such as CRC.

32.     The representations of Omni regarding the verification of its criminal background information concerning Mr. Anderson were false.

33.     Omni represented that it complies in all aspects with FCRA.

34.     Omni's representations induced CRC to utilize Omni to provide it with criminal background data.

35.     Omni's representations as to the accuracy and quality of its criminal background information were false.

36.     Omni's representations about adhering to the requirements of FCRA were false.

37.     CRC was entitled to rely on the representations made by Omni.

38.     CRC relied on the representations made by Omni.

17

39.     Omni either intentionally or negligently misrepresented its verification procedure, business methods and the quality of its product.

40.     CRC was damaged by the misrepresentations of Omni.

41.     Omni's intentional or negligent acts render it liable to CRC damages and costs.

## COUNT II – INDEMNIFICATION

42.     CRC realleges and incorporates Paragraphs 1 through 41 of its Third-Party Claim as if fully set forth herein.

43.     Omni provided inaccurate data to CRC.

44.     Omni represented that the data it provided to CRC was accurate.

45.     Omni represented that each criminal charge detailed in its report to CRC concerning Mr. Anderson was verified through two different methods.

46.     Omni knew or should have known that CRC would rely on the data it was providing.

47.     Omni knew or should have known that CRC would be providing the data on Mr. Anderson to a third party.

48.     Omni should be required to indemnify CRC based on the theory of implied indemnity obligation as justice and fairness demand that the burden for any loss related to the inaccurate data should be shifted to the party who bears the fault and responsibility in this matter.   Plaintiff Mr. Anderson has filed suit against CRC based on the inaccuracy of the criminal background data.  This data was provided in full by Omni.  Omni thus bears all fault and responsibility for Plaintiff's alleged claims.

## COUNT III – NEGLIGENCE

49.     CRC realleges and incorporates Paragraphs 2 through 48 of its Third-Party Claim as if fully set forth herein.

50.     Pursuant to 15 U.S.C. § 1681e(b), Omni had a duty to establish and follow reasonable procedures to assure maximum possible accuracy in the preparation of the report it provided to CRC concerning Mr. Anderson.

51.     Omni violated 15 U.S.C. § 1681e(b) by breaching its duty to establish and follow reasonable procedures to assure maximum possible accuracy in the preparation of the report it provided to CRC concerning Mr. Anderson.

52.     Omni was negligent *per se* in the performance of the criminal background search on Mr. Anderson.

53.     Omni did not comply with the standards in the criminal background check industry in verifying the accuracy of the information concerning Mr. Anderson that it provided to CRC.

54.     Omni's negligence and negligence *per se* caused damage to CRC.

## COUNT IV – VIOLATION OF CONSUMER PROTECTION ACT

55.     CRC realleges and incorporates Paragraphs 1 through 54 of its Third-Party Claim as if fully set forth herein.

56.     CRC is a corporation that may recover damages under Tennessee's Consumer Protection Act, Tennessee Code Annotated § 47-18-101, *et seq.*

57.     Omni's misrepresentations were unfair or deceptive acts or practices as defined by Tennessee Code Annotated § 47-18-104.

58.     Omni's violation of Tennessee's Consumer Protection Act has caused damage to CRC.

59.     CRC is entitled to recover damages from Omni, including treble damages and its attorney fees and costs pursuant to Tennessee Code Annotated § 47-18-109.

60.     CRC is afforded protections under Minnesota Statutes Annotated § 325F.68, *et seq.*, Minnesota's Consumer Protection Act.

19

61.     Omni, through its misrepresentations and other acts concerning the criminal background data of Mr. Anderson that it provided to CRC, violated Minnesota Statues Annotated § 325F.69.

62.     CRC is entitled to damages it has incurred due to Omni's violation of Minnesota's Consumer Protection Act.

63.     Omni, through its misrepresentations and manner in which it performed the criminal background check of Robert Anderson, violated the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes Annotated § 501.201, *et seq.*

64.     CRC has been damaged by Omni's violation of the Florida Deceptive and Unfair Trade Practices Act.

## COUNT V – VIOLATION OF FAIR CREDIT REPORTING ACT

65.     CRC realleges and incorporates Paragraphs 1 through 64 of its Third-Party Claim as if fully set forth herein.

66.     Omni violated the Fair Credit Reporting Act in providing the information it did to CRC concerning Mr. Anderson.

67.     CRC has been damaged by Omni's violation of the Fair Credit Reporting Act.

**WHEREFORE**, Defendant and Third-Party Plaintiff The Report Card Group, LLC d/b/a The Candidate Report Card respectfully requests that the Court grant to it the following relief:

1.      That the Plaintiff's lawsuit brought by Mr. Anderson against it be dismissed in its entirety with prejudice;

2.      That all costs of this action be charged to the Plaintiff;

3.      That all claims for statutory damages and attorney fees lodged against this Defendant be dismissed;

4.      That all claims for punitive damages lodged against this Defendant be dismissed;

5.      That at any trial, the maximum number of jurors be empanelled;

6.      That service of process issue on Omni Data Retrieval, Inc.;

7. That Omni Data Retrieval be ordered to indemnify and defend CRC in this action;

8. That all of CRC's attorney fees and litigation expenses be paid to it by Omni Data Retrieval, Inc.;

9. That any judgment awarded against CRC in this action be fully paid by Omni Data Retrieval, Inc.;

10. That this Court award damages to CRC and against Omni Data Retrieval, Inc. for damages CRC has suffered;

11. That the Court award to CRC from Omni Data Retrieval, Inc. any and all statutory damages to which it may be entitled for breach of State Consumer Protection statutes; and

12. That this Court grant to CRC any further relief to which it deems is proper.

Respectfully submitted,

PARKER, LAWRENCE, CANTRELL & DEAN

/S/ GARRETT E. ASHER
Garrett E. Asher (15977)
200 Fourth Avenue North
Fifth Floor
Nashville, Tennessee 37219
(615) 255-7500
*Attorneys for Defendant The Report Card Group, LLC d/b/a The Candidate Report Card*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2010, a true and correct copy of the foregoing instrument was sent via electronic means to:

John A. Day, Esq.
R. Burke Keaty, II, Esq.
DAY & BLAIR, P.C.
5300 Maryland Way, Suite 300
Brentwood, Tennessee 37027
*Attorneys for Plaintiff*

Stephen Jasper, Esq
BASS, BERRY & SIMS
150 Third Avenue South
Suite 2800
Nashville, Tennessee 37201
*Attorneys for Defendant Aerotek, Inc.*

/**s**/ **Garrett E. Asher**
Garrett E. Asher

21