IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ROBERT E. ANDERSON, III, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | No. 3:10-0040 |
| v. ) | JURY DEMAND |
| ) | Judge Trauger |
| THE REPORT CARD GROUP, LLC d/b/a ) | Magistrate Judge Griffin |
| THE CANDIDATE REPORT CARD and ) | |
| AEROTEK, INC., ) | |
| ) | |
|    Defendants, and ) | |
| ) | |
| THE REPORT CARD GROUP, LLC d/b/a ) | |
| THE CANDIDATE REPORT CARD, ) | |
| ) | |
|    Defendant, Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| OMNI DATA RETRIEVAL, INC. ) | |
| ) | |
|    Third-Party Defendant. ) | |

**THIRD-PARTY DEFENDANT OMNI DATA RETRIEVAL, INC.'S ANSWER TO THIRD-PARTY CLAIM BY THE REPORT CARD GROUP, LLC d/b/a THE CANDIDATE REPORT CARD**

Third-Party Defendant Omni Data Retrieval, Inc. (hereinafter "Omni") comes now in response to the Third-Party Claim filed by the Report Card Group, LLC d/b/a The Candidate Report Card (hereinafter "CRC"), and hereby states as follows:

1. The allegations and/or statements contained in Paragraph 1 of the Third-Party Claim are admitted upon information and belief.

2. Admitted.

3. The allegations and/or statements contained in Paragraph 3 of the Third-Party Claim state legal conclusions, which do not require a response by Omni. To the extent a response is required, Omni denies such allegations.

4. Omni does not dispute jurisdiction of the Court to preside over the Third-Party Claim. Omni lacks sufficient information or knowledge to admit the truth of the allegations that the amount in controversy in the Third-Party Claim is over seventy-five thousand dollars ($75,000.00).

5. Omni does not dispute venue in this Court.

6. Omni lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of the Third-Party Claim.

7. In response to the allegations contained in the first sentence of Paragraph 7 of the Third-Party Claim, Omni admits that it is a national wholesale records retrieval firm which offers as a service criminal background checks and research information. The allegations contained in the second sentence of Paragraph 7 of the Third-Party Claim are denied. The allegations contained in the third sentence of Paragraph 7 of the Third-Party Claim are denied.

8. The allegations contained in the first three sentences of Paragraph 8 of the Third-Party Claim are admitted. In response to the allegations contained in the last sentence of Paragraph 8 of the Third-Party Claim, Omni admits that the documents contained within Exhibit A appear to be various screen prints from Omni's website as of April 22, 2010, which documents speak for themselves.

9. The allegations contained in the first sentence of Paragraph 9 of the Third-Party Claim are denied as stated. Omni does admit that it and Verified Credentials, Incorporated have common shareholders and that both corporations' registered office addresses are located at

2

20890 Kenbridge Ct., Lakeville, MN 55044. The allegations contained in the second sentence of Paragraph 9 of the Third-Party Claim are in need of a more definite statement in order for Omni to understand fully the allegations asserted. Accordingly, Omni denies the allegations, as stated, in the second sentence of Paragraph 9 of the Third-Party Claim. The allegations contained within the remaining four (4) sentences of Paragraph 9 of the Third-Party Claim are not directed at this Third-Party Defendant, and therefore do not require a response by Omni. Notwithstanding, Omni expressly denies the allegation that Verified Credentials, Incorporated is Omni's alter ego.

10. The allegations contained in Paragraph 10 of the Third-Party Claim purport to summarize a document/webpage that is available to both parties, the accuracy of which can be verified by consulting the relevant document/webpage. To the extent the allegations mischaracterize or wrongly cite the relevant document/webpage, they are denied.

11. The allegations contained in Paragraph 11 of the Third-Party Claim purport to summarize a document/webpage that is available to both parties, the accuracy of which can be verified by consulting the relevant document/webpage. To the extent the allegations mischaracterize or wrongly cite the relevant document/webpage, they are denied.

12. The allegations contained in Paragraph 12 of the Third-Party Claim purport to summarize a document/webpage that is available to both parties, the accuracy of which can be verified by consulting the relevant document/webpage. To the extent the allegations mischaracterize or wrongly cite the relevant document/webpage, they are denied.

13. The allegations contained in Paragraph 13 of the Third-Party Claim purport to summarize a document/webpage that is available to both parties, the accuracy of which can be

verified by consulting the relevant document/webpage. To the extent the allegations mischaracterize or wrongly cite the relevant document/webpage, they are denied.

14. The allegations contained in the first sentence of Paragraph 14 of the Third-Party Claim are denied as stated. In response to the second sentence, Omni would state that the allegations contained in Paragraph 14 of the Third-Party Claim purport to summarize a document/webpage that is available to both parties, the accuracy of which can be verified by consulting the relevant document/webpage. To the extent the allegations mischaracterize or wrongly cite the relevant document/webpage, they are denied.

15. The allegations contained in Paragraph 15 of the Third-Party Claim purport to summarize a document/webpage that is available to both parties, the accuracy of which can be verified by consulting the relevant document/webpage. To the extent the allegations mischaracterize or wrongly cite the relevant document/webpage, they are denied.

16. Omni lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of the Third-Party Claim, and demands strict proof of the same.

17. Omni lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 of the Third-Party Claim, as such allegations are stated. Notwithstanding, Omni does admit that it received an order placed by CRC for criminal background information pertaining to an individual with the name Robert E. Anderson.

18. In response to the allegations contained in the first sentence of Paragraph 18 of the Third-Party Claim, Omni admits that CRC placed orders for criminal background information on individuals and that in response Omni provided to CRC search results consistent with the order's search parameters and/or criteria provided by CRC. Omni lacks sufficient

4

information or knowledge to admit or deny any remaining allegations contained in the first sentence of Paragraph 18 of the Third-Party Claim, to the extent such might be inconsistent with Omni's stated response. In response to the allegations contained in the second sentence of Paragraph 18 of the Third-Party Claim, Omni denies the allegations that it maintains a database of information on individuals. Any remaining allegations contained in the second sentence of Paragraph 18 of the Third-Party Claim are denied.

19. To the extent the allegations contained in Paragraph 19 of the Third-Party Claim contain legal conclusions, Omni is not required to provide a response. To the extent a response is required, Omni lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 of the Third-Party Claim as stated, and which Omni contends are in need of a more definite statement. As such, the allegations as stated are denied and strict proof is demanded of the same.

20. In response to the allegations contained in Paragraph 20 of the Third-Party Claim, Omni admits that it adheres to FCRA Compliant Procedures as a Provider. To the extent the remaining allegations contained in Paragraph 20 of the Third-Party Claim contain legal conclusions, Omni is not required to provide a response. To the extent a response is required to any remaining allegations contained within Paragraph 20 of the Third-Party Claim, Omni is without sufficient information or knowledge to form a belief as to the truth of the allegations and, on that basis, would deny such allegations and demand strict proof of the same.

21. In response to the allegations contained in the first sentence of Paragraph 21 of the Third-Party Claim, Omni admits that it provided the results of the criminal background check and search it conducted based upon the order received from CRC identifying an individual bearing the name Robert E. Anderson. The allegations contained in the second sentence of

Paragraph 21 of the Third-Party Claim contain legal conclusions, which do not require a response by Omni. To the extent a response is required to the allegations contained in the second sentence of Paragraph 21 of the Third-Party Claim, Omni denies that the information and/or data provided to CRC by Omni is a "consumer report" as defined by the FCRA.

22. In response to the allegations contained in Paragraph 22 of the Third-Party Claim, Omni would show that the purported documents and/or data referred to by CRC speak for themselves. As for any remaining allegations contained in Paragraph 22 of the Third-Party Claim, Omni lacks sufficient information or knowledge to admit the truth of such allegations, and therefore denies and demands strict proof of the same. Furthermore, to the extent the allegations contained in Paragraph 22 of the Third-Party Claim suggest any negligence, wrongdoing, or misrepresentation on the part of Omni with respect to its dealings with CRC, such allegations are adamantly denied.

23. The allegations contained in the first sentence of Paragraph 23 of the Third-Party Claim are denied as stated. Omni avers that it provided its search results for the order by CRC, to CRC on or about June 25, 2009. In response to the allegations contained in the second sentence of Paragraph 23 of the Third-Party Claim, Omni admits that all of the search results discovered by Omni in response to the order placed by CRC, and subsequently provided to CRC by Omni for review, appear to have been incorporated into CRC's June 29, 2009 report, which is attached as Exhibit A to the Plaintiff's Complaint. To the extent there are any remaining allegations contained within the second sentence of Paragraph 23 of the Third-Party Claim which are not addressed by Omni's response, Omni denies such allegations and asserts that the document (Exhibit A to Plaintiff's Complaint) speaks for itself.

24. The allegations contained in Paragraph 24 of the Third-Party Claim are denied as stated. Further, CRC's allegations contained within Paragraph 24 of Third-Party Claim refer to a report, which CRC has not exhibited to its Third-Party Claim, and therefore such allegations do not require a response. Notwithstanding, Omni admits that the information and data provided to CRC by Omni based upon the criminal records search ordered by CRC included 35 records and/or case details pertaining to a subject bearing the name Robert E. Anderson.

25. The allegations contained in the first and second sentences of Paragraph 25 of the third-party complaint are denied as stated. In response to the allegations contained in the third sentence of Paragraph 25 of the Third-Party Claim, Omni contends that such allegations are in need of a more definite statement as to use of the phrase "verify the data" in order for Omni to fully respond to the purported allegations. Notwithstanding, Omni avers that it utilized the order information provided to it by CRC in conducting its criminal records search for the subject with a name of Robert E. Anderson, and provided to CRC all results obtained as a result of that search.

26. In response to the allegations contained in Paragraph 26 of the Third-Party Claim, Omni denies that any records or data provided to CRC by Omni were "not accurate". Omni would show that the records and/or data provided to CRC by Omni, speak for themselves. Omni lacks sufficient information or knowledge to admit or deny whether 34 out of the 35 case details provided to CRC by Omni regarding the subject named Robert E. Anderson are related to the Plaintiff, Robert E. Anderson, III.

27. The allegations contained in Paragraph 27 of the Third-Party Claim are denied as stated.

7

Case 3:10-cv-00040 Document 36 Filed 06/01/10 Page 7 of 16 PageID #: 323

28. Omni is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 28 of the Third-Party Claim, and therefore denies such allegations.

29. The allegations contained in Paragraph 29 of Third-Party Claim are denied, and it is further denied that CRC has suffered any damages as a result of any misrepresentations and/or alleged wrongdoing or conduct of Omni.

30. Omni incorporates its responses contained in Paragraphs 1 through 29 of its Answer to the Third-Party Claim as if fully set forth herein.

31. The allegations contained within Paragraph 31 of the Third-Party Claim assert non-specific allegations regarding representations made by Omni, which are in need of a more definite statement in order for Omni to fully respond to such allegations. Notwithstanding, Omni would deny that it made any misrepresentations to CRC regarding the quality and/or accuracy of its search results or services offered to CRC.

32. Denied.

33. The allegations contained in Paragraph 33 of the Third-Party Claim are denied as stated. Omni admits that it does and at all relevant times did comply with the FCRA in all respects as a Provider and adheres to FCRA compliant procedures in all respects applicable to it with regard to the services Omni provides.

34. Omni lacks sufficient information or knowledge to admit the truth of the allegations contained in Paragraph 34 of the Third-Party Claim, and therefore denies such allegations and demands strict proof of the same. Notwithstanding, Omni denies any misrepresentations on its part with respect to its dealings with CRC, and further denies any liability to CRC.

35. Denied.

36. Denied.

37. The allegations contained in Paragraph 37 of the Third-Party Claim are in need of a more definite statement in order for Omni to respond to any allegations contained therein. Notwithstanding, Omni denies that it made any representations to CRC which were false, or which Omni should be held liable for.

38. Omni is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 38 of the Third-Party Claim and, therefore denies such allegations.

39. Denied.

40. Denied.

41. Denied.

42. Omni hereby incorporates its responses contained in Paragraphs 1 through 41 of its Answer to the Third-Party Claim as if fully set forth herein.

43. Denied.

44. In response to the allegations contained in Paragraph 44 of the Third-Party Claim, Omni denies that it made any misrepresentations to CRC regarding the criminal background search data and/or results provided to CRC by Omni. Omni further denies that the search results and/or data provided to CRC by Omni for the search ordered by CRC pertaining to the subject, Robert E. Anderson, did not contain accurate information.

45. Denied as stated.

46. Omni is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 46 of the Third-Party Claim, and as such, denies the allegations.

47. Omni denies that it knew or should have know that CRC would release, distribute, publish, or provide the criminal search data and/or results provided by Omni to CRC without CRC verifying and/or authenticating the applicability, if any, of the search results and/or data to the Plaintiff, Robert E. Anderson, III, before providing any information to an intended end user or third-party.

48. The statements contained in the first sentence of Paragraph 48 of the Third-Party Claim are denied, and it is further denied that CRC is entitled to any recovery, in any amount, under any theory, against Omni. In response to the allegations contained in the second sentence of Paragraph 48 of the Third-Party Claim, Omni would state that the Plaintiff's suit against CRC and the allegations therein, speak for themselves. In response to the allegations contained in the third sentence of Paragraph 48 of the Third-Party Claim, Omni would state that such allegations are in need of a more definite statement in order for Omni to respond to any such allegations, and Omni would deny any alleged wrongdoing or conduct that would subject it to liability to CRC. The allegations contained in the forth and final sentence of Paragraph 48 of the Third-Party Claim are denied.

49. Omni incorporates its responses to Paragraphs 2 through 48 of its Answer to the Third-Party Claim as if fully set forth herein.

50. The allegations and/or statements contained in Paragraph 50 of the Third-Party Claim consist of legal conclusions, to which Omni is not required to provide a response.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Omni incorporates its responses to Paragraphs 1 through 54 of its Answer to the Third-Party Claim as if fully set forth herein.

56. The allegations and or statements contained in Paragraph 56 of the Third-Party Claim consist of legal conclusions to which Omni is not required to provide a response. To the extent a response is required by Omni, Omni denies that CRC is entitled to recover any damages in any amount from Omni under the Tennessee Consumer Protection Act, Tennessee Code Annotated § 47-18-101, et. seq.

57. The statements and/or allegations contained in Paragraph 57 of the Third-Party Claim consist of legal conclusions, to which Omni is not required to respond. To the extent a response is required by Omni, Omni denies that it made any misrepresentations to CRC, or otherwise engaged in any unfair and/or deceptive acts or practices as defined by T.C.A. § 47-18-104.

58. Omni denies any violation of the Tennessee Consumer Protection Act and further denies it caused any damage of any type to CRC.

59. Denied.

60. The statements and/or allegations contained in Paragraph 60 of the Third-Party Claim consist of legal conclusions, to which Omni is not required to provide a response. To the extent a response is required by Omni, Omni denies that CRC is entitled to any recovery against Omni under Minnesota's Consumer Protection Act, cited at Minnesota Statutes Annotated § 325F.68 et. seq.

61. Omni denies that it made any misrepresentations to CRC and further denies any and all allegations contained in Paragraph 61 of the third-party claim.

62. Omni denies any violation of Minnesota's Consumer Protection Act and further denies any and all allegations contained in Paragraph 62 of the third-party claim.

63. Omni denies that it made any misrepresentations to CRC, or that it violated the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes Annotated § 501.201, et. seq., and further denies any and all allegations contained in Paragraph 63 of the third-party claim.

64. Denied.

65. Omni incorporates its responses to Paragraphs 1 through 64 of its Answer to the Third-Party Claim as if fully set forth herein.

66. Denied.

67. Denied.

68. Omni denies that it is liable to CRC for any amount of money or for any relief under any theory of law and, further denies that CRC is entitled to the relief requested in its paragraph of the Third-Party Claim beginning with the word **WHEREFORE** on page 20 and 21 of CRC's Third-Party Claim, including but not limited to all relief prayed for in subparagraphs 1 through 12 of the prayer for relief.

69. Any allegations contained in the Third-Party Claim not previously admitted or denied, are here and now denied.

70. Any allegations contained in the Third-Party Claim that purports to summarize or reference the contents of a document or web-based data that do not accurately reflect the contents of such document and/or web-based data are here and now denied.

# AFFIRMATIVE DEFENSES

1. Omni affirmatively avers that it complied with any and all statutory obligations that apply to it.

2. Omni affirmatively avers that it is and was at all times relevant a "Provider" as set forth in the Fair Credit Reporting Act and that it complied with all applicable requirements for a Provider under the FCRA.

3. Omni affirmatively avers that CRC has failed to mitigate any alleged damages incurred by it, as a result of its own negligence, acts, omissions, and/or practices with respect to the handling, screening and/or verification of the applicability of the criminal search results/data provided to it by Omni, before CRC's publication of such information to an intended end user.

4. Omni affirmatively avers that CRC's Third-Party Claim fails to state a claim upon which relief may be granted against Omni.

5. Omni affirmatively avers that CRC's claims against it are barred by the applicable statutes of limitations.

6. Omni adopts, asserts, and affirmatively avers all available defenses and rights provided to it within the Fair Credit Reporting Act, including but not limited to any and all notice and corrective action defenses.

7. Omni adopts, asserts, and affirmatively avers all available defenses and rights provided to it within the Tennessee Consumer Protection Act.

8. Omni adopts, asserts, and affirmatively avers all available defenses and rights provided to it within the Minnesota Consumer Protection Act.

9. Omni adopts, asserts, and affirmatively avers all available defenses and rights provided to it within the Florida Deceptive and Unfair Trade Practices Act.

10. Omni affirmatively avers that it was not negligent in its dealings with CRC.

11. Omni affirmatively avers that it did not intentionally misrepresent or misrepresent in any way its services or information provided to CRC.

12. Omni affirmatively avers the defense of comparative fault. Any fault found against Omni, which fault is expressly denied, should be compared to the fault found against any other party or non-party, included to but not limited to The Report Card Group, LLC d/b/a The Candidate Report Card, Aerotek, Inc., Robert E. Anderson, III, XO Communication Services, Inc., and/or Beeline.com, Inc., should such parties and/or non-parties be found to be at fault and liable to another.

13. Omni affirmatively avers that the assessment of any punitive damages and/or an award of punitive damages against it would violate its rights under the Tennessee, Minnesota, Florida, and/or the United States Constitutions, to the extent CRC's has adequately plead such relief, which Omni expressly denies.

14. Omni affirmatively avers and moves that all claims against it by CRC be dismissed in their entirety with prejudice.

15. Omni affirmatively avers and moves that all costs of this action be assessed to CRC, that all claims for statutory damages and attorney's fees against it by CRC be dismissed with prejudice, and that the Court grant to Omni any further relief to which it may be entitled, including but not limited to any damages sustained by it as a result of CRC's acts and allegations, costs and/or attorneys fees associated with this matter.

16. Omni requests that at any trial of this matter, from which Omni has not first been dismissed as a party, that the maximum number of jurors be empanelled.

Respectfully Submitted,

        s/ Bryan K. Williams_____
        Bryan K. Williams     (#019650)
        CORNELIUS & COLLINS, LLP
        Suite 1500, Nashville City Center
        511 Union Street
        P. O. Box 190695
        Nashville, Tennessee 37219
        (615) 244-1440
        bkwilliams@cornelius-collins.com

        Attorneys for Third-Party Defendant,
        Omni Data Retrieval, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served on the following via the Court's electronic filing system on this 1st day of June, 2010.

| | |
|---|---|
| John A. Day, Esq. | Garrett E. Asher, Esq. |
| Robert B. Keaty, II, Esq. | Parker, Lawrence, Cantrell & Dean |
| Day & Blair, P.C. | 200 Fourth Avenue, North |
| 5300 Maryland Way, Suite 300 | Suite 500 |
| Brentwood, TN 37027 | Nashville, TN 37219 |
| *Phone:* (615) 742-4880 | *Phone:* (615) 255-7500 |
| *Fax:* (615) 742-4881 | *E-mail:* gasher@plcd.com |
| *E-mail*: jday@dayblair.com | |
| *E-mail*: bkeaty@dayblair.com | *Attorney for Defendant The Report Card Group, LLC d/b/a The Candidate Report Card* |
| *Attorneys for Plaintiff* | |

David R. Esquivel, Esq.
Stephen J. Jasper, Esq.
Bass, Berry & Sims
150 Third Avenue South, Suite 2800
Nashville, TN  37201
*Phone:* (615) 742-6200
*Fax:*    (615) 742-2757
*E-mail:* desquivel@bassberry.com
*E-mail:* sjasper@bassberry.com

*Attorneys  for Defendant, Aerotek, Inc.*


                                                            s/ Bryan K. Williams_____
                                                            Bryan K. Williams, Esq.